UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL 1 CONNECTICUT HEALTH FUND; TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE; TRUSTEES OF THE BRICKLAYERS LOCAL 1 LABOR MANAGEMENT COOPERATION TRUST FUND; and THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 1 CONNECTICUT<br><br>    Plaintiffs<br><br>  v.<br><br>ULTIMATE CONCRETE CO., INC.<br><br>    Defendant. | Civil Action No.<br>3:16-cv-01712<br><br><br>October 14, 2016 |

## COMPLAINT

### PARTIES

1.   Plaintiffs, Trustees of the Bricklayers Local 1 Connecticut Health Fund, Trustees of the Bricklayers and Trowel Trades International Pension Fund, Trustees of the International Masonry Institute, and Trustees of the Labor Management Cooperation Trust Fund (hereinafter the "Funds"), are the Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), 29 U.S.C. Sections 1002(3) and (37). The Funds are established and

maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the International Union of Bricklayers and Allied Craftworkers, Local 1 Connecticut and Ultimate Concrete Co., Inc. (hereinafter "Ultimate Concrete"). The Funds are administered at Insurance Programmers, Inc., 10 Technology Drive, P.O. Box 5817, Wallingford, Connecticut, 06492 and 1825 Eye Street, NW, Washington D.C., 20006.

2. The International Union of Bricklayers and Allied Craftworkers, Local 1 Connecticut (hereinafter "Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3. Ultimate Concrete is a Connecticut company with an address located at 603 East Main Street, Waterbury, Connecticut, 06702. Ultimate Concrete transacted business as a contractor or subcontractor in the construction industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(1), (3), and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

**JURISDICTION**

4. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. Section 185(a). This is an action for breach of a Collective Bargaining

Agreement between an employer and a labor organization representing employees in an industry affecting commerce.

**FACTUAL BACKGROUND**

5. Ultimate Concrete entered into a Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for bricklayers employed by Ultimate Concrete.

6. The Collective Bargaining Agreement also binds Ultimate Concrete to the provisions of the Agreement and Declarations of Trust that created the Funds ("Trust Agreements").

7. Pursuant to the Collective Bargaining Agreement, Ultimate Concrete is required to make contributions to the Funds for each hour worked by its covered employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements. Additionally, Ultimate Concrete is required to make contributions to the Funds measured by the hours worked by construction subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**Count I: Audit Compliance Pursuant to ERISA**

8. Plaintiffs hereby incorporate by reference Paragraphs 1-7 of the Complaint as fully set forth herein.

9. Due to Ultimate Concrete's failure to file remittance reports for the months of November 2015 through the date of this action, a significant number of

hours may have been worked by employees in covered employment which went unreported and were not timely paid.

10. As a result of the Company's failure to properly report hours to the Funds, pursuant to their respective Audit, Collection, and Delinquency Policies, the Plaintiffs are requesting appropriate documentation to complete a payroll audit to confirm the extent of the debt Ultimate Concrete owes to the Funds for the months of November 2015 through the date of this action.

11. The Plaintiffs' Audit, Collection and Delinquency Policy requires contributing employers to produce appropriate documentation, as determined by the auditor, for the purpose of completing a payroll audit.

12. It is well established that the Plaintiffs have the right to conduct audits and review a broad scope of documents such as those requested in the instant case to fulfill their fiduciary obligations in protection of the Trust assets. *Plumbers and Steamfitters Local No. 150 Pension Fund, et al. v. Vertex Construction Co., Inc.*, 932 F.2d 1443 (11 Cir. 1991); *New York State Teamsters Conference Pension and Retirement Fund v. Boening Brothers, Inc. and Charles Snyder Beverages, Inc.*, 92 F.2d 127 (2nd Cir. 1996) and *Central States Southeast & Southwest Areas Pension Fund, et al. v. Central Transport, Inc. et al.*, 472 U.S. 559 (1985).

13. Plaintiffs seek a Court Order compelling Ultimate Concrete to provide Plaintiffs access to Ultimate Concrete's books and records that are necessary to complete an audit for the period of November 2015 through the date of this action.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

14. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreement, Ultimate Concrete is required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Plaintiffs in the collection process.

15. Ultimate Concrete is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

16. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of (a) double interest on the unpaid contributions or (b) interest plus liquidated damages provided for under the Trust Agreements.

**WHEREFORE, Plaintiffs pray for judgment as follows:**

(A) For a Court Order granting Plaintiffs access to Ultimate Concrete's books and records satisfactory to complete an audit for the period of November 2015 to the date of judgment.

(B) For all contributions shown to be due upon completion of the audit.

(C) For all attorney and auditor fees and court costs incurred by the Plaintiffs.

(D) For an amount equal to the greater of double interest on the unpaid contributions or interest plus liquidated damages on the amount that is due.

(E) For such further relief as the Court may deem appropriate.

## Count II: DELINQUENT CONTRIBUTIONS UNDER ERISA

17. Plaintiffs hereby incorporate by reference Paragraphs 1-16 of the Complaint as fully set forth herein in Count II.

18. Ultimate Concrete owes the Plaintiff Funds *at least* the amount of **$22,985.12** as well as the additional estimated amount of **$38,828.30**, laid out as follows:

To the Plaintiff Bricklayers International Pension Fund and the International Masonry Institute:

- **$12,882.00** for the balance of an audit for the payroll period of January 2013 through October 2015.
- **$359.30** for the underpayment of contributions for work performed during the months of April 2015 through November 2015.
- The *estimated* amount of **$24,937.83** for the months of December 2015 through August 2016, for which the Defendants have failed and refused to supply remittance reports. This amount may increase or decrease depending upon the results of the audit.

To the Plaintiff Bricklayers Local 1 Connecticut Health Fund, the Labor Management Cooperation Trust Fund, and the International Union of Bricklayers and Allied Craftworkers, Local 1 Connecticut:

- The amount of **$9,743.82** pursuant to a payroll audit for the period January 2013 through October 2015.

- The *estimated* amount of **$13,890.47** for the months of December 2015 through August 2016, for which the Defendants have failed and refused to supply remittance reports. This amount may increase or decrease depending upon the results of the audit.

19. Ultimate Concrete has breached the provisions of the Collective Bargaining Agreement by failing to provide remittance reports for the months of December 2015 through August 2016 and by underpaying and/or failing to pay contributions that are owed to the Funds based upon the hours worked by its employees for the periods of January 2013 through October 2015, April 2015 through November 2015, and December 2015 through the date of this action.

20. Ultimate Concrete may still be performing work covered by the Collective Bargaining Agreement, and thus the Company's liability to the Funds may increase throughout the pendency of litigation.

21. Pursuant to 29 U.S.C. 1132(g)(2), Defendant Ultimate Concrete is liable to the Plaintiffs for the unpaid contributions, auditor fees, attorney fees, court costs, and an amount equal to the greater of (a) double interest on the unpaid contributions, or (b) interest plus liquidated damages provided for under the Trust Agreements.

**WHEREFORE, Plaintiff Funds pray:**

(A)  That Ultimate Concrete be ordered to pay all unpaid fringe benefit contributions to the Funds for the periods of January 2013 through

October 2015, April 2015 through November 2015, and December 2015 through August 2016.

(B)  That Ultimate Concrete be ordered to pay any additional amounts that are due or become due during the pendency of litigation.

(C)  That Ultimate Concrete be required to pay double interest or interest plus liquidated damages on the amount due, accrued from the date of the delinquency until the date of payments.

(D)  That Ultimate Concrete be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

(E)  That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Ultimate Concrete.

FOR THE PLAINTIFFS,

/s/ Brendan Hughes
Brendan L. Hughes Esq. (ct 29675)
ROBERT M. CHEVERIE
 & ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: bhughes@cheverielaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 14th day of October 2016 on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
31 Hopkins Plaza, Suite B2
Baltimore, MD  21201
**Attn:  Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C.  20210
**Attn: Assistant Solicitor for Plan
         Benefits Security**

FOR THE PLAINTIFFS,


   /s/ Brendan Hughes
Brendan L. Hughes Esq. (ct 29675)
ROBERT M. CHEVERIE
 & ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: bhughes@cheverielaw.com